**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT LOUISIANA**

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2007 APR -6 PM 12: 37

LORETTA G. WHYTE
CLERK

Patsy Baker, Donald Clarke, Santos
Castaneda, Harry Allen, Ruthie Downs,
Robert Diegel, Theresa Dodd, Anthony
Hutchinson, Louise James, Shirley Beck,
Patty Bird, Dora Garcia-Galbaldon, Lora
Mason, John Carroll, Michael Petrus, and
John McCauley

Plaintiff,

Cause No.　**07-1619**

v.

**SECT. B MAG. 2**

**JURY TRIAL DEMANDED**

**PFIZER INC**

Serve:　Registered Agent
CT Corporation
System, 8550
United Plaza Blvd.,
Baton Rouge, LA 70809

**PHARMACIA CORPORATION,**

Serve:　Registered Agent
CT Corporation
System, 8550
United Plaza Blvd.,
Baton Rouge, LA 70809

Defendants.

## COMPLAINT

COME NOW Plaintiffs, and for their complaint against Pharmacia Corporation and

Pfizer Inc., allege as follows:

480247 / 004128

Fee $350.00
Process
X Dktd
CtRmDep
Doc. No.

1. Patsy Baker is a citizen of the state of Kansas. Because of her Bextra use, she suffered a heart attack and stroke. Bextra caused of was a contributing cause of her health problems.

2. Donald Clarke is a citizen of the State of Georgia. Because of his use of Bextra, he suffered a heart attack and related injuries. Bextra caused or was a contributing cause of his health problems.

3. Santos Castaneda is a citizen of the State of Texas. Because of his use of Bextra, he suffered a heart attack. Bextra caused or was a contributing cause of his health problems.

4. Harry Allen is a citizen of the State of West Virginia. Because of his use of Bextra, he suffered a heart attack. Bextra caused or was a contributing cause of his health problems.

5. Ruthie Downs is a citizen of the State of Mississippi. Because of her use of Bextra, she suffered a heart attack and congestive heart failure and related injuries. Bextra caused or was a contributing cause of her health problems.

6. Robert Diegel is a citizen of the State of Nebraska. Because of his use of Bextra, he suffered a heart attack. Bextra caused or was a contributing cause of his health problems.

7. Theresa Dodd is a citizen of the State of Kentucky. Because of her use of Bextra, she suffered a heart attack and related injuries. Bextra caused or was a contributing cause of her health problems.

8. Anthony Hutchinson is a citizen of the State of Nevada. Because of his use of Bextra, he suffered a heart attack and related injuries. Bextra caused or was a contributing cause of her health problems.

9. Louise James is a citizen of the State of Texas. Because of his use of Bextra, she suffered a heart attack and related injuries. Bextra caused or was a contributing cause of her health problems.

10. Shirley Beck is a citizen of the State of Nebraska. Because of her use of Bextra, she suffered a heart attack and related injuries. Bextra caused or was a contributing cause of his health problems.

11. Patty Bird is a citizen of the State of Florida. Because of her use of Bextra, she suffered strokes and related injuries. Bextra caused or was a contributing cause of her health problems.

12. Dora Garcia-Galbaldon is a citizen of the State of New Mexico. Because of her use of Bextra, she suffered a heart attack. Bextra caused or was a contributing cause of her health problems.

13. Lora Mason is a citizen of the State of North Carolina. Because of her use of Bextra, she suffered blood clots and stroke and related injuries. Bextra caused or was a contributing cause of her health problems. And

14. John Carroll is a citizen of the State of Mississippi. Because of his use of Bextra, he suffered a heart attack and related injuries. Bextra caused or was a contributing cause of his health problems.

15. Michael Petrus is a citizen of the State of Pennsylvania. Because of his use of Bextra, he suffered a heart attack and related injuries. Bextra caused or was a contributing cause of his health problems.

16. John McCauley is a citizen of the state of North Carolina. Because of his use of Bextra, he suffered a stroke and related injuries. Bextra caused or was a contributing cause for his health problems.

## JURISDICTION AND VENUE

17. There is federal subject matter jurisdiction based on diversity of citizenship because plaintiffs and defendant are citizens of different states and the amount-in-controversy requirement exceeds $75,000 for each plaintiffs' claim.

18. The applicable statute of limitations is tolled based on defendants' fraudulent concealment of the dangers and adverse side effects of the drug Bextra, respectively, from plaintiffs as more fully stated herein, which prevented them from discovering defendants' wrongdoing. Additionally, for the reasons stated herein, defendants are equitably estopped from raising the statute of limitations defense.

## PARTIES--BEXTRA

19.     Defendant Pfizer Inc (hereinafter "Pfizer") is a Delaware corporation, and Pfizer was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Bextra. Pfizer is licensed and registered to do business in Missouri.

20.     Defendant Pharmacia is a Delaware Corporation with its principal place of business in New Jersey and licensed and registered to do business in Missouri. Defendant Pharmacia was in the business of manufacturing, marketing, selling and distributing the pharmaceutical product Bextra.    For diversity purposes, Pharmacia is a citizen of New Jersey.

21.     Defendant  Company (hereinafter "") is a Delaware Corporation with its principal place of business in Missouri.   was in the business of designing, manufacturing, marketing,

selling and distributing the pharmaceutical product Bextra.  is licensed and registered to do business in Missouri. Alternatively,  is the successor to the former  and liable for its debts under successor liability law and for an action for concert of action with the other defendants as more fully alleged herein.  For purposes of federal diversity jurisdiction,  is a citizen of the state of Missouri.

22.     Bextra (Valdecoxib) is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies.  Pfizer, Pharmacia, , manufactured, designed, packaged, marketed and distributed this drug.  Pfizer, Pharmacia, , and encouraged the improper use of this drug, misrepresented the safety and effectiveness of this drug, and concealed or understated its dangerous side effects.  Pfizer, Pharmacia, , and aggressively marketed this drug directly to the consuming public, although only available through prescription, through the use of various marketing mediums, including, but not limited to, print and television advertisements. Pfizer, Pharmacia, , and did this to increase sales and profits.

23.     Pfizer, Pharmacia, , and actually knew of the defective nature of their product as herein set forth, yet continued to design, manufacture, market, distribute and sell their product so as to maximize sales and profits at the expense of the general public's health and safety in conscious disregard of the foreseeable harm caused by this product.  Pfizer, Pharmacia, , and 's conduct exhibits such an entire want of care as to establish that their actions were a result of fraud, ill will, recklessness, gross negligence or willful and intentional disregard to the Plaintiff's individual rights, and hence punitive damages are appropriate.

**BACKGROUND-BEXTRA**

24.    Bextra (Valdecoxib) is a pharmaceutical treatment for musculoskeletal joint pain associated with osteoarthritis, among other maladies. Pfizer, Pharmacia, , and did manufacture, design, package, market and distribute this drug.

25.    This complaint seeks redress for damages sustained by plaintiff, resulting from plaintiff's use of Bextra (Valdecoxib), manufactured and sold by Pfizer, Pharmacia, , and .

26.    The damages sought herein are the direct and proximate result of Pfizer, Pharmacia, , and 's wrongful conduct in connection with designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the prescription drug Bextra (Valdecoxib).

27.    Pfizer, Pharmacia, , and were engaged in the business of designing, testing, inspecting, manufacturing, assembling, developing, labeling, sterilizing, licensing, marketing, advertising, promoting, selling, packaging, supplying and/or distributing the pharmaceutical drug Bextra (Valdecoxib) throughout the United States.

## COUNT I

## STRICT PRODUCTS LIABILITY/ DEFECTIVE DESIGN

Comes now plaintiff and for Count I of their Complaint against defendants Pfizer, Pharmacia, , and , allege:

28.  Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if fully set forth herein.

29. Pfizer, Pharmacia, , and designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Bextra (Valdecoxib) which it knew would be used by plaintiff and others.

30.. At the time Bextra (Valdecoxib) was manufactured and sold to plaintiff by Pfizer, Pharmacia, , and , it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, and other illnesses which exceeded the benefits of the products, and for which other safer products were available. This defective condition made the product unreasonably dangerous when put to a reasonably anticipated use as treatment for pain relief, which was the use for which Bextra (Valdecoxib) was advertised.

31. Alternatively, when the Bextra (Valdecoxib) products were manufactured and sold to plaintiff by Pfizer, Pharmacia, , and , the products were defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

32. Plaintiff used Bextra (Valdecoxib) in a manner reasonably anticipated.

33. The Bextra (Valdecoxib) sold to the plaintiff reached the plaintiff without substantial change. Plaintiff was unaware of the dangerous propensities of the product. The plaintiff ingested the Bextra (Valdecoxib) without making any changes or alterations.

34. As a direct and proximate result of the defective and dangerous design of the Bextra (Valdecoxib), Plaintiff has been damaged.

35. Pfizer, Pharmacia, , and 's conduct was done with conscious disregard for the safety of users of Bextra (Valdecoxib), including plaintiff, justifying an award of punitive damages.

**COUNT II**

## STRICT PRODUCTS LIABILITY/FAILURE TO WARN

Comes now plaintiff and for Count II of their Complaint against defendants Pfizer, Pharmacia, , and alleges:

36.  Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if fully set forth herein.

37.  The Bextra (Valdecoxib) manufactured, supplied, and sold by Pfizer, Pharmacia, , and was unaccompanied by proper and adequate warnings regarding all adverse side effects associated with the use of Bextra (Valdecoxib) and the comparative severity and duration of the adverse effects as well as that it was not approved for relief of acute pain and that it did not have any approved gastrointestinal-protective benefit. The warnings given by Pfizer, Pharmacia, , and did not accurately reflect the symptoms, type, scope, or severity of the side effects.

38.  The Bextra (Valdecoxib) manufactured, supplied, and sold by Pfizer, Pharmacia, , and was an unreasonably dangerous defective product which posed unacceptable risks to human health when put to a reasonably anticipated use by Plaintiff who were without knowledge of its dangerous characteristics.

39.  Pfizer, Pharmacia, , and failed to perform adequate testing and study of Bextra (Valdecoxib) prior to marketing it or ignored existing data. Such adequate testing, study or analysis would have shown that Bextra (Valdecoxib) possessed serious life threatening side effects, with respect to which full and proper warnings accurately and fully reflecting symptoms, type of illness, scope and severity should have been given with respect to the use of Bextra (Valdecoxib).

40.    Pfizer, Pharmacia, , and also failed to act properly on adverse event reports it received about Bextra (Valdecoxib), and failed to properly study Bextra (Valdecoxib)'s pre-market as well as post market.

41.    Pfizer, Pharmacia, , and also failed to effectively warn users and physicians that numerous other methods of safer pain relievers were available.

42.    Pfizer, Pharmacia, , and failed to give adequate pre- and post-marketing warnings or instructions for the use of Bextra (Valdecoxib) because after Pfizer, Pharmacia, , and knew or should have know of the risk of injury from Bextra (Valdecoxib) use, Pfizer, Pharmacia, , and failed to provide adequate warnings to users or consumers and continued to aggressively promote the product to doctors, hospitals, and directly to consumers.

43.    Plaintiff used Bextra (Valdecoxib) in a manner reasonably anticipated.

44.    As a direct and proximate result of Pfizer, Pharmacia, , and selling Bextra (Valdecoxib) without adequate warnings, as well as the other conduct mentioned in this Count, plaintiff have been damaged.

45.    Pfizer, Pharmacia, , and 's conduct was done with conscious disregard for safety, justifying an award of punitive damages.

## COUNT III

## NEGLIGENT DESIGN

Come now plaintiff and for Count III of their Complaint against defendants Pfizer, Pharmacia, , and , allege:

46.  Plaintiff repeat and re-alleges the allegations of the prior paragraphs as if fully set forth herein.

47.    Pfizer, Pharmacia, , and designed, produced, manufactured and injected into the stream of commerce, in the regular course of its business, the pharmaceutical drug Bextra (Valdecoxib) which it knew would be used by Plaintiff and others.

48.    At the time the Bextra (Valdecoxib) was manufactured and sold to Plaintiff by Pfizer, Pharmacia, , and , it was defective in design and unreasonably dangerous, subjecting users to risks of heart attacks, strokes, blood clots, and other illnesses which exceeded the benefits of the product, and for which other safer products were available.

49.    Alternatively, when the Bextra (Valdecoxib) product was manufactured and sold to the Plaintiff by Pfizer, Pharmacia, , and , the product was defective in design and formulation, making use of the product more dangerous than other drugs for pain relief.

50.    The Bextra (Valdecoxib) sold to Plaintiff reached the Plaintiff without substantial change. Plaintiff was unaware of the dangerous propensities of the product until well after his use and subsequent stroke. Plaintiff ingested the Bextra (Valdecoxib) without making any changes or alterations.

51.    In designing and manufacturing Bextra (Valdecoxib), Pfizer, Pharmacia, , and failed to exercise the ordinary care that a careful and prudent drug manufacturer would exercise in the same or similar circumstances.

52.    As a direct and proximate result of the negligent design of Bextra (Valdecoxib), Plaintiff has been damaged.

53.    Pfizer, Pharmacia, , and conduct was done with conscious disregard for the safety of users of Bextra (Valdecoxib), including Plaintiff.

**COUNT IV**

## NEGLIGENT FAILURE TO WARN

Come now plaintiff and for Count IV of their Complaint against defendants Pfizer,

Pharmacia, , and , allege:

54.  Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if fully set

forth herein.

55.     Pfizer, Pharmacia, , and owed Plaintiff a duty to warn of any dangerous defects or

side effects; a duty to assure its product did not cause users unreasonable and dangerous risks,

reactions, side effects; and a duty to provide adequate post market surveillance and warnings as it

learned of Bextra (Valdecoxib) substantial dangers.

56.     Pfizer, Pharmacia, , and breached its duty of reasonable care to Plaintiff in that

Pfizer, Pharmacia, , and failed to:

      a.     Conduct sufficient testing which, if properly performed, would

      have shown that Bextra (Valdecoxib) had serious side effects, including

      heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other

      serious side effects, and warn users of those risks; and/or

      b.     Include adequate warnings with Bextra (Valdecoxib) that would alert users

      to the potential risks and serious side effects the drugs as well as the limited

      benefits and the approved uses; and/or

      c.     Warn the Plaintiff that use of Bextra (Valdecoxib) carried a risk of

      death or permanent disability from heart attacks, strokes, blood clots, other

      cardiovascular disorders and other serious side effects; and/or

      d.     Advise the FDA, the health care industry, and the public about the

adverse reports it had received regarding Bextra (Valdecoxib); and/or

e.     Provide Plaintiff with other appropriate warnings, including

but not limited to that Bextra is not approved for acute pain, it had no proven

gastrointestinal-protective effects, it should not be used indefinitely, and patients

had to be adequately screened prior to taking Bextra.

57.     Pfizer, Pharmacia, , and should have known that Bextra (Valdecoxib) caused

unreasonably dangerous risks and serious side effects of which the general public would not be

aware. Pfizer, Pharmacia, , and nevertheless advertised, marketed and promoted its product

knowing there were safer methods and products for pain control.

58.     As a direct and proximate result of Pfizer, Pharmacia, , and 's negligence and

breach of its duty of reasonable care, Plaintiff has been damaged.

## COUNT V

## FRAUDULENT CONCEALMENT

Comes now plaintiff and for Count V of his Complaint against defendants Pfizer,

Pharmacia, , and , allege:

59.  Plaintiff repeat and re-allege the allegations of the prior paragraphs as if fully set

forth herein.

60.     Pfizer, Pharmacia, , and had actual knowledge of the cardiothrombotic effects of

Bextra (Valdecoxib). Despite having knowledge of the cardiothrombotic effects of Bextra

(Valdecoxib), Pfizer, Pharmacia, , and actively concealed and omitted to disclose those effects

when marketing Bextra (Valdecoxib) to doctors, health care providers, and to the general public

through direct advertisements.

61.    At the time these omissions were made, Pfizer, Pharmacia, , and had knowledge of the substantial and significant cardiothrombotic effects of Bextra (Valdecoxib).

62.    Pfizer, Pharmacia, , and omitted to inform Plaintiff of the true cardiothrombotic and other adverse health effects of Bextra (Valdecoxib). Pfizer, Pharmacia, , and further downplayed the results of various studies showing the cardiothrombotic effects; it withheld adverse reports or gave incorrect information about the reports it received about the side effects of Bextra (Valdecoxib) such as heart attacks and strokes.

63.    Pfizer, Pharmacia, , and 's failure to disclose material facts constituted fraudulent concealment.  Pfizer, Pharmacia, , and sanctioned approved and/or participated in the failure to disclose.

64.    Pfizer, Pharmacia, , and had a duty to speak because they had superior knowledge regarding the adverse health effects of Bextra (Valdecoxib) as set forth herein.

65.    The information not disclosed by Pfizer, Pharmacia, , and was unavailable to Plaintiff and/or their treating health care professionals. Pfizer, Pharmacia, , and knew the information was unavailable yet approved and participated in instructing its agents, servants and employees to not disclose the information in order to promote the sales of Bextra (Valdecoxib) over other Cox 2 inhibitors as well as any non-steroidal anti-inflammatory such as Ibuprofen and Naproxen.

66.    Plaintiff was diligent in attempting to seek the information by consulting with his physicians.

67.    The information not disclosed by Pfizer, Pharmacia, , and was not within the reasonable reach of plaintiff, and/or their treating physicians, in the exercise of reasonable care.

68.     The non-disclosed information was material, and Pfizer, Pharmacia, , and knew they were not disclosing complete information and intended that plaintiff and/or their treating physicians act upon the non-disclosed information in the manner reasonably contemplated.

69.     Plaintiff and/or their treating physician were ignorant as to the undisclosed information and had a right to rely on full disclosure.

70.     If plaintiff and/or their treating physicians had known the complete information, they would not have prescribed and/or plaintiff would not have taken Bextra (Valdecoxib) as evidenced by Pfizer, Pharmacia, , and being required to include a black label warning.

71.     Pfizer, Pharmacia, , and 's non-disclosure of information was outrageous due to their evil motive and reckless indifference to the rights of plaintiff, justifying and award of punitive damages.

## COUNT VI

## COMMON LAW FRAUD

Comes now plaintiff and for Count VI of their Complaint against defendants Pfizer, Pharmacia, , and and allege:

72.     Plaintiff repeat and re-alleges the allegations of the prior paragraphs as if fully set forth herein.

73.     Pfizer, Pharmacia, , and made false representations and omissions to plaintiff and other members of the public, including but not limited to, that Bextra (Valdecoxib) was safe, had been adequately tested to determine safety, and did not present life-threatening dangers.

74.     These representations and omissions, as set forth in the above paragraphs, were false. The true facts were that Bextra (Valdecoxib) was not safe, had not been adequately tested, and had dangerous and life-threatening side effects. When Pfizer, Pharmacia, , and made the representations, it knew them to be false, and said representations were made by Pfizer, Pharmacia, , and with the intent to deceive plaintiff and/or his prescribing physicians and with the intent to induce plaintiff to use the Bextra (Valdecoxib) manufactured by Pfizer, Pharmacia, , and .

75.     Plaintiff and/or their physicians, reasonably relied upon false representations and omissions; plaintiff' physicians prescribed Bextra (Valdecoxib), and Plaintiff used Bextra (Valdecoxib). Plaintiff would not have done so if he had known the true facts. In using Bextra (Valdecoxib), plaintiff exercised ordinary care.

76.     As a direct and proximate result of the aforesaid fraudulent conduct, Pfizer, Pharmacia, , and caused plaintiff to suffer the damages and injuries herein alleged.

77.     Pfizer, Pharmacia, , and 's conduct was outrageous due to its evil motive or reckless indifference to the rights of plaintiff, justifying an award of punitive damages.

## COUNT VII

## BREACH OF IMPLIED WARRANTY

Come now plaintiff and for Count VII of their Complaint against defendants Pfizer, Pharmacia, , and , allege:

78.     Plaintiff repeat and re-allege the allegations of the prior paragraphs as if fully set forth herein.

79.    When Pfizer, Pharmacia, , and placed the Bextra (Valdecoxib) into the stream of commerce, Pfizer, Pharmacia, , and knew of the use for which the drug was intended and impliedly warranted to consumers including plaintiff that the use of Bextra (Valdecoxib) was a safe and acceptable means of relieving pain and impliedly warranted that the product was of merchantable quality and safe for its intended use.

80.    Plaintiff relied upon Pfizer, Pharmacia, , and and its judgment when his purchased and utilized Bextra (Valdecoxib).

81.    The Bextra (Valdecoxib) was not of merchantable quality and was not safe or fit for its intended use because it was unreasonably dangerous and incapable of satisfying the ordinary purpose for which it was intended, and because it caused serious injury to plaintiff.

82.    As a direct and proximate result of the dangerous and defective condition of Bextra (Valdecoxib), plaintiff was injured, and he incurred economic damages in the form of medical expense.

83.    Plaintiff is entitled to recover from Pfizer, Pharmacia, , and for all damages caused by the defective product including, but not limited to, damages for pain, suffering, loss of the capacity to enjoy life, lost past and future income and incurred expense.

## COUNT VIII

## BREACH OF EXPRESS WARRANTY

Comes now plaintiff and for Count VIII of their Complaint against defendants Pfizer, Pharmacia, , and and allege:

84.    Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if fully set forth herein.

85.     Pfizer, Pharmacia, , and expressly warranted to plaintiff by statements made by Pfizer, Pharmacia, , and or its authorized agents, orally or in written publications, package labels, and/or inserts, that Bextra (Valdecoxib) was safe, effective, fit, and proper for its intended use. The express warranties include, but were not limited to:

> a. Bextra (Valdecoxib) is used in adults for: a. for relief of the signs and
>
> symptoms of osteoarthritis and adult rheumatoid arthritis: and
>
> b. for the treatment of primary dysmenorrhea.

86.     In utilizing Bextra (Valdecoxib), plaintiff relied upon the skill, judgment, representations, and express warranties of Pfizer, Pharmacia, , and .

87.     The express warranties and representations made by Pfizer, Pharmacia, , and were false in that Bextra (Valdecoxib) was not safe and was not fit for the use for which it was intended.

88.     As a direct and proximate result of the dangerous and defective condition of Bextra (Valdecoxib), plaintiff was injured, and they incurred economic damages in the form of medical expense.

89.     Plaintiff is entitled to recover from Pfizer, Pharmacia, , and for all damages caused by the defective product including, but not limited to, damages for pain, suffering, loss of the capacity to enjoy life, lost past and future income and incurred expense.

## COUNT IX

## NEGLIGENT MISREPRESENTATION

Comes now plaintiff and for Count IX of their Complaint against defendants Pfizer, Pharmacia, , and , allege:

90.     Plaintiff repeats and re-alleges the allegations of the prior paragraphs as if fully set forth herein.

91.     Pfizer, Pharmacia, , and knew, or should have known, that there were dangerous side effects resulting from the ingestion of Bextra (Valdecoxib).

92.     Pfizer, Pharmacia, , and knew or reasonably should have known that consumers such as plaintiff would not have known about the increased risk of heart attack and strokes associated with the ingestion of Bextra (Valdecoxib).

93.     Pfizer, Pharmacia, , and armed with the knowledge stated in the preceding two paragraphs, proceeded with the design, production, manufacture, promotion, advertising, and sale of Bextra (Valdecoxib) without adequate warning of the side effects and dangerous risks to the consuming public including plaintiff.

94.     Pfizer, Pharmacia, , and negligently represented to plaintiff the safety and effectiveness of Bextra (Valdecoxib) and concealed material information, including adverse information regarding the safety and effectiveness of Bextra (Valdecoxib). The misrepresentations and/or material omissions made by or perpetuated by Pfizer, Pharmacia, , and are as follows, Pfizer, Pharmacia, , and failed to:

a.     Conduct sufficient testing which, if properly performed, would have shown that Bextra (Valdecoxib) had serious side effects, including heart attacks, strokes, hypertension, atherosclerosis, blood clots, and other serious side effects, and warn users of those risks; and/or

      b.     Include adequate warnings with Bextra (Valdecoxib) products that would alert users to the potential risks and serious side effects the drugs as well as the limited benefits and the approved uses; and/or

      c.     Warn the plaintiff that use of Bextra (Valdecoxib) carried a risk of death or permanent disability from heart attacks, strokes, blood clots, other cardiovascular disorders and other serious side effects; and/or

      d.     Advise the FDA, the health care industry, and the public about the adverse reports it had received regarding Bextra (Valdecoxib); and/or

      e.     Provide plaintiff with other appropriate warnings, including but not limited to that Bextra is not approved for acute pain, it had no proven gastrointestinal-protective effects, it should not be used indefinitely, and patients had to be adequately screened prior to taking Bextra.

95.     Pfizer, Pharmacia, , and made the misrepresentations and omissions with the intent for plaintiff the consuming public to rely upon such information or the absence of such information in selection of Bextra (Valdecoxib) as a treatment for pain relief.

96.     Plaintiff justifiably relied on and/or was induced by the misrepresentations and/or active concealment by Pfizer, Pharmacia, , and and he relied upon the absence of safety information which Pfizer, Pharmacia, , and suppressed, concealed, or failed to disclose all to plaintiff's detriment.

97.     As a direct and proximate result of the dangerous and defective condition of Bextra (Valdecoxib) plaintiff was injured, and they incurred economic damages in the form of medical expense.

98.    Plaintiff is entitled to recover from Pfizer, Pharmacia, , for all damages caused by the defective product including, but not limited to, damages for pain, suffering, loss of the capacity to enjoy life, lost past and future income and occurred expense.

WHEREFORE, plaintiff demands judgments in his favor against defendants Pfizer and Pharmacia jointly, severally and for common liability for:

A. A fair and just amount of actual damages in an amount to be proved at trial;

B. Costs of suit;

C. Pre-judgment and post-judgment interest;

D. Punitive damages in a fair and reasonable amount to punish and deter defendants and others from engaging in the wrongful conduct; and

E. Such other and further relief as the Court deems just and proper under the circumstances.

JEFFREY J. LOWE, PC

By: _____

    Jeffrey J. Lowe
    Francis J. ("Casey") Flynn
    Attorney for Plaintiff
    8235 Forsyth, Suite 1100
    St. Louis, Missouri 63105
    (314) 678-3400
    Fax: (314) 678-3401

    John Carey
    Joseph P. Danis
    CAREY & DANIS, LLC
    8235 Forsyth Boulevard, Suite 1100
    St. Louis MO 63105
    Telephone: 314-725-7700

480247 / 004128

Facsimile: 314-721-0905

T. Evan Schaeffer
Andrea B. Lamere
SCHAEFFER & LAMERE, P.C.
5512 Godfrey Road
Highway 67, Suite B
Godfrey, IL 62035
618-467-8200

Evan Buxner
Walther Glenn Law Offices
10 S. Brentwood Blvd., Suite 102
St. Louis, MO 63105
314-725-9595
Fax: 314-725-9597