IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATSY BAKER, DONALD CLARKE, | ) | |
| SANTOS CASTANEDA, HARRY ALLEN, | ) | |
| RUTHIE DOWNS, ROBERT DIEGEL, | ) | |
| THERESA DODD, ANTHONY | ) | |
| HUTCHINSON, LOUISE JAMES, | ) | CIVIL ACTION NO.:  07-1619 |
| SHIRLEY BECK, PATTY BIRD, DORA | ) | |
| GARCIA-GALBALDON, LORA MASON, | ) | |
| JOHN CARROLL, MICHAEL PETRUS, | ) | JUDGE LEMELLE |
| and JOHN McCAULEY, | ) | |
| | ) | MAGISTRATE WILKINSON |
| *Plaintiffs*, | ) | |
| | ) | |
| vs. | ) | JURY TRIAL DEMANDED |
| | ) | |
| PFIZER INC. and PHARMACIA | ) | |
| CORPORATION, | ) | |
| | ) | |
| *Defendants*. | ) | |

<u>DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COME Defendants Pfizer Inc. (hereinafter "Pfizer"), and Pharmacia Corporation (hereinafter "Pharmacia"), collectively referred to as "Defendants," and file this Answer to Plaintiffs' Complaint ("Complaint"), and would respectfully show the Court as follows:

I.
<u>PRELIMINARY STATEMENT</u>

The Complaint does not state in sufficient detail when Plaintiffs were prescribed or used Bextra®.  Accordingly, this Answer can only be drafted generally.  Answering Defendants may

seek leave to amend this Answer when discovery reveals the specific time periods in which Plaintiffs were prescribed and used Bextra®.

## II.
## ORIGINAL ANSWER

1.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 1 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same.  Answering Defendants deny all remaining allegations in Paragraph 1 of the Complaint.

2.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 2 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same.  Answering Defendants deny the remaining allegations in Paragraph 2 of the Complaint.

3.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 3 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same.  Answering Defendants deny the remaining allegations in Paragraph 3 of the Complaint.

4.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 4 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same.  Answering Defendants deny the remaining allegations in Paragraph 4 of the Complaint.

5.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same.  Answering Defendants deny the remaining allegations in Paragraph 5 of the Complaint.

6.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 6 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same.  Answering Defendants deny the remaining allegations in Paragraph 6 of the Complaint.

7.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 7 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same.  Answering Defendants deny the remaining allegations in Paragraph 7 of the Complaint.

8.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 8 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same.  Answering Defendants deny the remaining allegations in Paragraph 8 of the Complaint.

9.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 9 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same.  Answering Defendants deny the remaining allegations in Paragraph 9 of the Complaint.

10.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 10 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same.  Answering Defendants deny the remaining allegations in Paragraph 10 of the Complaint.

11.      Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 11 regarding Plaintiff's alleged use of Bextra® and

citizenship and therefore deny the same. Answering Defendants deny the remaining allegations in Paragraph 11 of the Complaint.

12.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 12 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same. Answering Defendants deny the remaining allegations in Paragraph 12 of the Complaint.

13.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same. Answering Defendants deny the remaining allegations in Paragraph 13 of the Complaint.

14.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same. Answering Defendants deny the remaining allegations in Paragraph 14 of the Complaint.

15.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 15 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same. Answering Defendants deny the remaining allegations in Paragraph 15 of the Complaint.

16.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 16 regarding Plaintiff's alleged use of Bextra® and citizenship and therefore deny the same. Answering Defendants deny the remaining allegations in Paragraph 16 of the Complaint.

**Response to Allegations Regarding Jurisdiction and Venue**

17.     Answering Defendants are without knowledge sufficient to form a belief as to the truth of the allegations concerning the Plaintiffs' citizenship and the amount in controversy, and therefore deny the same.  However, Answering Defendants admit that Plaintiffs claim that the parties are diverse and that the amount in controversy exceeds $75,000, exclusive of interests and costs.

18.     Paragraph 18 of the Complaint contains legal contentions to which no response is required.  To the extent that a response is deemed required, Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny any wrongful conduct and deny the remaining allegations in Paragraph 18 of the Complaint.

**Response to Allegations Regarding the Parties**

19.     Answering Defendants admit that Pfizer is a Delaware corporation and that it is registered to do business in Missouri.  Answering Defendants admit during certain periods of time, Pfizer marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Answering Defendants deny the remaining allegations in Paragraph 19 of the Complaint.

20.     Answering Defendants admit that Pharmacia is a Delaware corporation with its principal place of business in New Jersey, and that it is registered to do business in Missouri.  Answering Defendants admit during certain periods of time, Pharmacia marketed and co-promoted Bextra®

in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Answering Defendants deny all remaining allegations in Paragraph 20 of the Complaint.

21.    Paragraph 21 of the Complaint does not related to Defendants Pfizer or Pharmacia, and therefore no response is required.

22.    Answering Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® (valdecoxib) is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Answering Defendants admit that, during certain periods of time, they marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law.  Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny making any misrepresentations, deny concealing any information, and deny the remaining allegations in Paragraph 22 of the Complaint.

23.    Answering Defendants deny that Bextra® is defective, deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations contained in Paragraph 23 of the Complaint.

### Response to Allegations Regarding Background

24.    Answering Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® is indicated for use in the relief of the signs and symptoms of osteoarthritis and

adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Answering Defendants admit that, during certain periods of time, they marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Answering Defendants deny the remaining allegations in Paragraph 24 of the Complaint.

25.    Answering Defendants have insufficient knowledge or information to form a belief as to the truth of Plaintiffs' allegation that they took Bextra®, and therefore deny the same. Answering Defendants admit that, during certain periods of time, they marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Answering Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations of Paragraph 25 of the Complaint.

26.    Answering Defendants deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations of Paragraph 26 of the Complaint.

27.    Answering Defendants admit that, during certain periods of time, they marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Answering Defendants deny the remaining allegations in Paragraph 27 of the Complaint.

### Response to First Cause of Action: Strict Products Liability/Defective Design

28.    Answering Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

29.    Answering Defendants admit that, during certain periods of time, they marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved

package inserts and as permitted by law. Answering Defendants deny the remaining allegations in Paragraph 29 of the Complaint.

30.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations whether Plaintiffs used Bextra®, and therefore deny the same. Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® (valdecoxib) is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea. Answering Defendants deny that Bextra® is defective and deny the remaining allegations in Paragraph 30 of the Complaint.

31.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations whether Plaintiffs used Bextra®, and therefore deny them. Answering Defendants deny that Bextra® is defective and deny the remaining allegations in Paragraph 31 of the Complaint.

32.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 32 of the Complaint whether Plaintiffs used Bextra® and therefore deny the same. Answering Defendants deny the remaining allegations in Paragraph 32 of the Complaint.

33.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations whether Plaintiffs used Bextra®, and therefore deny the same.

Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether Bextra® reached Plaintiffs and, therefore, deny them. Answering Defendants state that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny the remaining allegations in Paragraph 33 of the Complaint.

34.     Answering Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs injury or damages and deny the remaining allegations contained in Paragraph 34 of the Complaint.

35.     Answering Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damages and deny the allegations contained in Paragraph 35 of the Complaint.

**Response to Second Cause of Action: Strict Products Liability/Failure to Warn**

36.     Answering Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

37.     Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny the allegations in Paragraph 37 of the Complaint.

38.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations whether Plaintiffs used Bextra®, and therefore deny them. Answering Defendants state that Bextra® was and is safe and effective when used in accordance

with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny that Bextra® is defective and deny the remaining allegations in Paragraph 38 of the Complaint.

39.    Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny the remaining allegations in Paragraph 39 of the Complaint.

40.    Answering Defendants deny the allegations in Paragraph 40 of the Complaint.

41.    Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny the allegations in Paragraph 41 of the Complaint.

42.    Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny the allegations in Paragraph 42 of the Complaint.

43.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 43 of the Complaint whether Plaintiffs used Bextra® and therefore deny the same. Answering Defendants deny the remaining allegations in Paragraph 43 of the Complaint.

44.    Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage, and deny the remaining allegations in Paragraph 44 of the Complaint.

45.    Answering Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs injury or damage and deny the remaining allegations in Paragraph 45 of the Complaint.

### Response to Third Cause of Action: Negligent Design

46.    Answering Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

47.    Answering Defendants admit that, during certain periods of time, they marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Answering Defendants deny the remaining allegations in Paragraph 47 of the Complaint.

48.    Answering Defendants are without knowledge whether Plaintiffs used Bextra® and therefore deny the same. Answering Defendants admit that, during certain periods of time, they marketed and co-promoted Bextra® in the United States for the indications set forth in the FDA-approved package inserts and as permitted by law. Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential effects of Bextra® were and are

adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny that Bextra® is defective and deny the remaining allegations in Paragraph 48 of the Complaint.

49.    Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny that Bextra® is defective and deny the remaining allegations in Paragraph 49 of the Complaint.

50.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations whether Plaintiffs used Bextra®, and therefore deny the same. Answering Defendants state that, in the ordinary case, Bextra® was expected to reach users and consumers without substantial change from the time of sale. Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny the remaining allegations in Paragraph 50 of the Complaint.

51.    Answering Defendants deny the allegations in Paragraph 51 of the Complaint.

52.    Answering Defendants deny that Bextra® was negligently designed, deny that Bextra® caused Plaintiffs injury or damages, and deny the remaining allegations in Paragraph 52 of the Complaint.

53.    Answering Defendants deny any wrongful conduct and deny the remaining allegations in Paragraph 53 of the Complaint.

## Response to Fourth Cause of Action: Negligent Failure to Warn

54.    Answering Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

55.    Answering Defendants state that Paragraph 55 of the Complaint makes legal contentions to which no response is required.  To the extent a response is deemed required, Answering Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Answering Defendants deny the remaining allegations in Paragraph 55 of the Complaint.

56.    Answering Defendants state that Paragraph 56 of the Complaint makes legal contentions to which no response is required.  To the extent a response is deemed required, Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants admit that they had duties as are imposed by law but deny having breached such duties.  Answering Defendants deny the remaining allegations in Paragraph 56 of the Complaint, including subparts a – e.

57.    Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny the allegations in Paragraph 57 of the Complaint.

58.    Answering Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs any injury or damages, and deny the remaining allegations in Paragraph 58 of the Complaint.

## Response to Fifth Cause of Action: Fraudulent Concealment

59.     Answering Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

60.     Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny concealing any information and deny the remaining allegations in Paragraph 60 of the Complaint.

61.     Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny concealing any information and deny the remaining allegations in Paragraph 61 of the Complaint.

62.     Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny concealing any information and deny the remaining allegations in Paragraph 62 of the Complaint.

63.     Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and

comported with applicable standards of care and law.  Answering Defendants deny concealing any information and deny the remaining allegations in Paragraph 63 of the Complaint.

64.     Answering Defendants state that Paragraph 64 of the Complaint makes legal contentions to which no response is required.  To the extent a response is required, Answering Defendants admit that they had duties as are imposed by law but deny having breached any such duties. Answering Defendants deny the remaining allegations in Paragraph 64 of the Complaint.

65.     Answering Defendants deny concealing any information and deny the remaining allegations in Paragraph 65 of the Complaint.

66.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 of the Complaint as to Plaintiffs' actions and therefore deny the same.  Answering Defendants deny concealing any information and deny the remaining allegations in Paragraph 66 of the Complaint.

67.     Answering Defendants deny concealing any information and deny the remaining allegations in Paragraph 67 of the Complaint.

68.     Answering Defendants deny concealing any information and deny the remaining allegations in Paragraph 68 of the Complaint.

69.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 of the Complaint regarding the state of knowledge of Plaintiffs and Plaintiffs' treating physicians, and therefore deny the same. Answering Defendants deny concealing any information and deny the remaining allegations in Paragraph 69 of the Complaint.

70.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 of the Complaint regarding the state of

Plaintiffs' knowledge, whether Plaintiffs used Bextra®, and the knowledge and conduct of Plaintiffs' treating physicians, and therefore deny the same.  Answering Defendants deny concealing any information and deny the remaining allegations in Paragraph 70 of the Complaint.

71.     Answering Defendants deny concealing any information, deny any wrongful conduct, deny that Bextra® caused Plaintiffs any injury or damages, and deny the remaining allegations in Paragraph 71 of the Complaint.

### Response to Sixth Cause of Action: Common Law Fraud

72.     Answering Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

73.     Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny making any false representations and deny the remaining allegations in Paragraph 73 of the Complaint.

74.     Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny making any false representations and deny the remaining allegations in Paragraph 74 of the Complaint.

75.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 75 of the Complaint regarding Plaintiffs'

knowledge, Plaintiffs' use of Bextra®, and the knowledge and conduct of Plaintiffs' treating physicians, and therefore deny the same. Answering Defendants deny making any false representations and deny the remaining allegations in Paragraph 75 of the Complaint.

76.    Answering Defendants deny any fraudulent conduct, deny that Bextra® caused Plaintiffs any injury or damage, and deny the remaining allegations in Paragraph 76 of the Complaint.

77.    Answering Defendants deny any wrongful conduct, deny that Bextra® caused Plaintiffs any injury or damage, and deny the remaining allegations in Paragraph 77 of the Complaint.

**Response to Seventh Cause of Action: Breach of Implied Warranty**

78.    Answering Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

79.    Answering Defendants admit that they provided FDA-approved prescribing information regarding Bextra®, and deny the remaining allegations in Paragraph 79 of the Complaint.

80.    Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 80 of the Complaint whether Plaintiffs used Bextra®, and therefore deny the same. Answering Defendants deny the remaining allegations in Paragraph 80 of the Complaint.

81.    Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny that Bextra® caused Plaintiffs any injury or damages and deny the remaining allegations in Paragraph 81 of the Complaint.

82.     Answering Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs any injury or damages and deny the remaining allegations in Paragraph 82 of the Complaint.

83.     Answering Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs any injury or damages and deny the remaining allegations in Paragraph 83 of the Complaint.

### Response to Eighth Cause of Action: Breach of Express Warranty

84.     Answering Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

85.     Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants admit, as indicated in the package insert approved by the FDA, that Bextra® (valdecoxib) is indicated for use in the relief of the signs and symptoms of osteoarthritis and adult rheumatoid arthritis, as well as for the treatment of primary dysmenorrhea.  Answering Defendants admit that they provided FDA-approved prescribing information regarding Bextra®, and deny the remaining allegations in Paragraph 85 of the Complaint, including subparts a and b.

86.     Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 86 of the Complaint whether Plaintiffs used Bextra® and therefore deny same.  Answering Defendants deny all remaining allegations in Paragraph 86 of the Complaint.

87.     Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care

and law.   Answering Defendants admit that they provided FDA-approved prescribing information regarding Bextra® and deny the remaining allegations in Paragraph 87 of the Complaint.

88.   Answering Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs any injury or damages and deny the remaining allegations in Paragraph 88 of the Complaint.

89.   Answering Defendants deny that Bextra® caused Plaintiffs any injury or damages and deny the remaining allegations in Paragraph 89 of the Complaint.

**Response to Ninth Cause of Action: Negligent Misrepresentation**

90.   Answering Defendants incorporate by reference their responses to each paragraph of Plaintiffs' Complaint as if fully set forth herein.

91.   Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.  Answering Defendants deny the allegations in Paragraph 91 of the Complaint.

92.   Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law.   Answering Defendants deny the allegations in Paragraph 92 of the Complaint.

93.   Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information.  Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing

information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny the allegations in Paragraph 93 of the Complaint.

94.    Answering Defendants state that Bextra® was and is safe and effective when used in accordance with its FDA-approved prescribing information. Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny making any misrepresentations, deny concealing any information, and deny the remaining allegations in Paragraph 94 of the Complaint, including subparts a –e.

95.    Answering Defendants deny making any misrepresentations, deny concealing any information, and deny the remaining allegations in Paragraph 95 of the Complaint.

96.    Answering Defendants state that the potential effects of Bextra® were and are adequately described in its FDA-approved prescribing information, which was at all times adequate and comported with applicable standards of care and law. Answering Defendants deny making any misrepresentations, deny concealing any information, and deny the remaining allegations in Paragraph 96 of the Complaint.

97.    Answering Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs any injury or damages, and deny the remaining allegations in Paragraph 97 of the Complaint.

98.    Answering Defendants deny that Bextra® is defective, deny that Bextra® caused Plaintiffs any injury or damages, and deny the remaining allegations in Paragraph 98 of the Complaint.

Answering Defendants deny the allegations set forth in the unnumbered paragraph following Paragraph 98 of the Complaint, including subparts A – E.

## III.
## GENERAL DENIAL

Answering Defendants deny all allegations and/or legal conclusions set forth in Plaintiffs' Complaint that have not been previously admitted, denied, or explained.

## IV.
## AFFIRMATIVE DEFENSES

Answering Defendants reserve the right to rely upon any of the following or additional defenses to claims asserted by Plaintiffs to the extent that such defenses are supported by information developed through discovery or evidence at trial. Answering Defendants affirmatively show that:

### First Defense

1.    The Complaint fails to state a claim upon which relief can be granted.

### Second Defense

2.    Bextra® is a prescription medical product. The federal government has preempted the field of law applicable to the labeling and warning of prescription medical products. Defendants' labeling and warning of Bextra® was at all times in compliance with applicable federal law. Plaintiffs' causes of action against Defendants, therefore, fail to state a claim upon which relief can be granted; such claims, if allowed, would conflict with applicable federal law and violate the Supremacy Clause of the United States Constitution.

### Third Defense

3.      At all relevant times, Defendants provided proper warnings, information and instructions for the drug in accordance with generally recognized and prevailing standards in existence at the time.

### Fourth Defense

4.      At all relevant times, Defendants' warnings and instructions with respect to the use of Bextra® conformed to the generally recognized, reasonably available, and reliable state of knowledge at the time the drug was manufactured, marketed and distributed.

### Fifth Defense

5.      Plaintiffs' claims are barred and/or limited by the provisions of the Louisiana Products Liability Act, La. Rev. Stat. § 9:2800.51, et. seq.

### Sixth Defense

6.      Plaintiffs' action is time-barred as it is filed outside of the time permitted by the applicable Statute of Limitations, and same is plead in full bar of any liability as to Defendants.

### Seventh Defense

7.      Plaintiffs' action is barred by the statute of response.

### Eighth Defense

8.      Plaintiffs' claims against Defendants are barred to the extent Plaintiffs was contributorily negligent, actively negligent or otherwise failed to mitigate her damages, and any recovery by Plaintiffs should be diminished accordingly.

**Ninth Defense**

9.      The proximate cause of the loss complained of by Plaintiffs is not due to any acts or omissions on the part of Defendants.  Rather, said loss is due to the acts or omissions on the part of third parties unrelated to Defendants and for whose acts or omissions Defendants is not liable in any way.

**Tenth Defense**

10.     The acts and/or omissions of unrelated third parties as alleged constituted independent, intervening causes for which Defendants cannot be liable.

**Eleventh Defense**

11.     Any injuries or expenses incurred by Plaintiffs were not caused by Bextra®, but were proximately caused, in whole or in part, by an idiosyncratic reaction, operation of nature, or act of God.

**Twelfth Defense**

12.     Defendants affirmatively deny that they violated any duty owed to the Plaintiffs.

**Thirteenth Defense**

13.     A manufacturer has no duty to warn patients or the general public of any risk, contraindication, or adverse effect associated with the use of a prescription medical product. Rather, the law requires that all such warnings and appropriate information be given to the prescribing physician and the medical profession, which act as a "learned intermediary" in determining the use of the product.  Bextra® is a prescription medical product, available only on the order of a licensed physician.  Bextra® provided an adequate warning to Plaintiffs' treating and prescribing physicians.

**Fourteenth Defense**

14.    The product at issue was not in a defective condition or unreasonably dangerous at the time it left the control of the manufacturer or seller.

**Fifteenth Defense**

15.    Bextra® was at all times material to the Complaint reasonably safe and reasonably fit for its intended use and the warnings and instructions accompanying Bextra® at the time of the occurrence of the injuries alleged by Plaintiffs were legally adequate for its approved usages.

**Sixteenth Defense**

16.    Plaintiffs' causes of action are barred in whole or in part by the lack of a defect as the Bextra® allegedly ingested by Plaintiffs was prepared in accordance with the applicable standard of care.

**Seventeenth Defense**

17.    Plaintiffs' alleged injuries/damages, if any, were the result of misuse or abnormal use of the product Bextra® after the product left the control of Defendants and any liability of Defendants is therefore barred.

**Eighteenth Defense**

18.    Plaintiffs' alleged damages were not caused by any failure to warn on the part of Defendants.

**Nineteenth Defense**

19.    Plaintiffs' alleged injuries/damages, if any, were the result of preexisting or subsequent conditions unrelated to Bextra®.

### Twentieth Defense

20.    Plaintiffs knew or should have known of any risk associated with Bextra®; therefore, the doctrine of assumption of the risk bars or diminishes any recovery.

### Twenty-first Defense

21.    Plaintiffs are barred from recovering against Defendants because Plaintiffs' claims are preempted in accordance with the Supremacy Clause of the United States Constitution and by the Federal Food, Drug and Cosmetics Act, 21 U.S.C. § 301 et. seq.

### Twenty-second Defense

22.    Plaintiffs' claims are barred in whole or in part under the applicable state law because the subject pharmaceutical product at issue was subject to and received pre-market approval by the Food and Drug Administration under 52 Stat. 1040, 21 U.S.C. § 301.

### Twenty-third Defense

23.    The manufacture, distribution and sale of the pharmaceutical product referred to in Plaintiffs' Complaint were at all times in compliance with all federal regulations and statutes, and Plaintiffs' causes of action are preempted.

### Twenty-fourth Defense

24.    Plaintiffs' claims are barred in whole or in part by the deference given to the primary jurisdiction of the Food and Drug Administration over the subject pharmaceutical product at issue under applicable federal laws, regulations, and rules.

### Twenty-fifth Defense

25.    Plaintiffs' claims are barred in whole or in part because there is no private right of action concerning matters regulated by the Food and Drug Administration under applicable federal laws, regulations, and rules.

### Twenty-sixth Defense

26.     Plaintiffs' claims are barred in whole or in part because Defendants provided adequate "direction or warnings" as to the use of the subject pharmaceutical product within the meaning of Comment j to Section 402A of the Restatement (Second) of Torts.

### Twenty-seventh Defense

27.     Plaintiffs' claims are barred or limited to a product liability failure to warn claim because Bextra® is a prescription pharmaceutical drug and falls within the ambit of Restatement (Second) of Torts § 402A, Comment k.

### Twenty-eighth Defense

28.     Plaintiffs' claims are barred in whole or in part because the subject pharmaceutical product at issue "provides net benefits for a class of patients" within the meaning of Comment f to § 6 of the Restatement (Third) of Torts: Products Liability.

### Twenty-ninth Defense

29.     Plaintiffs' claims are barred under § 4, et seq., of the Restatement (Third) of Torts: Products Liability.

### Thirtieth Defense

30.     To the extent that Plaintiffs are seeking punitive damages, Plaintiffs has failed to plead facts sufficient under the law to justify an award of punitive damages.

### Thirty-first Defense

31.     The imposition of punitive damages in this case would violate Defendants' rights to procedural due process under both the Fourteenth Amendment of the United States Constitution and Article I, § 17 of the Constitution of the State of Louisiana, and would additionally violate

Defendants' right to substantive due process under the Fourteenth Amendment of the United States Constitution.

### Thirty-second Defense

32.     Plaintiffs' claims for punitive damages are barred, in whole or in part, by the Fifth and Fourteenth Amendments to the United States Constitution and are subject to all provisions of Louisiana law.

### Thirty-third Defense

33.     The imposition of punitive damages in this case would violate the First Amendment to the United States Constitution.

### Thirty-fourth Defense

34.     Plaintiffs' punitive damage claims are preempted by federal law.

### Thirty-fifth Defense

35.     In the event that reliance was placed upon Defendants' nonconformance to an express representation, this action is barred as there was no reliance upon representations, if any, of Defendants.

### Thirty-sixth Defense

36.     Plaintiffs failed to provide Defendants with timely notice of any alleged nonconformance to any express representation.

### Thirty-seventh Defense

37.     To the extent that Plaintiffs' claims are based on a theory providing for liability without proof of causation, the claims violate Defendants' rights under the United States Constitution.

**Thirty-eighth Defense**

38.    Plaintiffs' claims are barred, in whole or in part, because the advertisements, if any, and labeling with respect to the subject pharmaceutical products were not false or misleading and, therefore, constitute protected commercial speech under the applicable provisions of the United States Constitution.

**Thirty-ninth Defense**

39.    To the extent that Plaintiffs seek punitive damages for the conduct which allegedly caused injuries asserted in the Complaint, punitive damages are barred or reduced by applicable law or statute or, in the alternative, are unconstitutional insofar as they violate the due process protections afforded by the United States Constitution, the excessive fines clause of the Eighth Amendment of the United States Constitution, the Commerce Clause of the United States Constitution, the Full Faith and Credit Clause of the United States Constitution, and applicable provisions of the Constitution of the State of Louisiana.  Any law, statute, or other authority purporting to permit the recovery of punitive damages in this case is unconstitutional, facially and as applied, to the extent that, without limitation, it: (1) lacks constitutionally sufficient standards to guide and restrain the jury's discretion in determining whether to award punitive damages and/or the amount, if any; (2) is void for vagueness in that it failed to provide adequate advance notice as to what conduct will result in punitive damages; (3) permits recovery of punitive-damages based on out-of state conduct, conduct that complied with applicable law, or conduct that was not directed, or did not proximately cause harm, to Plaintiffs; (4) permits recovery of punitive damages in an amount that is not both reasonable and proportionate to the amount of harm, if any, to Plaintiffs and to the amount of compensatory damages, if any; (5) permits jury consideration of net worth or other financial information relating to Defendants; (6)

lacks constitutionally sufficient standards to be applied by the trial court in post-verdict review of any punitive damages awards; (7) lacks constitutionally sufficient standards for appellate review of punitive damages awards; and (8) otherwise fails to satisfy Supreme Court precedent, including, without limitation, <u>Pacific Mutual Life Ins. Co. v. Haslip</u>, 499 U.S. 1, 111 (1991), <u>TXO Production Corp. v. Alliance Resources, Inc.</u>, 509 U.S. 443 (1993); <u>BMW of North America, Inc. v. Gore</u>, 519 U.S. 559 (1996); and <u>State Farm Mut. Auto Ins. Co. v. Campbell</u>, 538 U.S 408.

### Fortieth Defense

40.    The methods, standards, and techniques utilized with respect to the manufacture, design, and marketing of Bextra®, if any, used in this case, included adequate warnings and instructions with respect to the product's use in the package insert and other literature, and conformed to the generally recognized, reasonably available, and reliable state of the knowledge at the time the product was marketed.

### Forty-first Defense

41.    The claims asserted in the Complaint are barred because Bextra® was designed, tested, manufactured and labeled in accordance with the state-of-the art industry standards existing at the time of the sale.

### Forty-second Defense

42.    If Plaintiffs have sustained injuries or losses as alleged in the Complaint, upon information and belief, such injuries and losses were caused by the actions of persons not having real or apparent authority to take said actions on behalf of Defendants and over whom Defendants had no control and for whom Defendants may not be held accountable.

### Forty-third Defense

43.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra®
was not unreasonably dangerous or defective, was suitable for the purpose for which it was
intended, and was distributed with adequate and sufficient warnings.

### Forty-fourth Defense

44.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches,
waiver, and/or estoppel.

### Forty-fifth Defense

45.    Plaintiffs' claims are barred because Plaintiffs' injuries, if any, were the result of the pre-
existing and/or unrelated medical, genetic and/or environmental conditions, diseases or illnesses,
subsequent medical conditions or natural courses of conditions of Plaintiffs, and were
independent of or far removed from Defendants' conduct.

### Forty-sixth Defense

46.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® did
not proximately cause injuries or damages to Plaintiffs.

### Forty-seventh Defense

47.    The claims asserted in the Complaint are barred, in whole or in part, because Plaintiffs
did not incur any ascertainable loss as a result of Defendants' conduct.

### Forty-eighth Defense

48.    The claims asserted in the Complaint are barred, in whole or in part, because the
manufacturing, labeling, packaging, and any advertising of the product complied with the
applicable codes, standards and regulations established, adopted, promulgated or approved by

any applicable regulatory body, including but not limited to the United States, any state, and any agency thereof.

### Forty-ninth Defense

49.    The claims must be dismissed because Plaintiffs would have taken Bextra® even if the product labeling contained the information that Plaintiffs contend should have been provided.

### Fiftieth Defense

50.    The claims asserted in the Complaint are barred because the utility of Bextra® outweighed its risks.

### Fifty-first Defense

51.    Plaintiffs' damages, if any, are barred or limited by the payments received from collateral sources.

### Fifty-second Defense

52.    Defendants' liability, if any, can only be determined after the percentages of responsibility of all persons who caused or contributed toward Plaintiffs' alleged damages, if any, are determined.  Defendants seek an adjudication of the percentage of fault of the claimants and each and every other person whose fault could have contributed to the alleged injuries and damages, if any, of Plaintiffs.

### Fifty-third Defense

53.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of abstention in that the common law gives deference to discretionary actions by the United States Food and Drug Administration under the Federal Food, Drug, and Cosmetic Act.

## Fifty-forth Defense

54.    The claims asserted in the Complaint are barred, in whole or in part, because Bextra® is comprehensively regulated by the FDA pursuant to the Federal Food, Drug & Cosmetic Act ("FDCA"), 21 U.S.C. §§ 301 *et seq*., and regulations promulgated there under, and Plaintiffs' claims conflict with the FDCA, with the regulations promulgated by FDA to implement the FDCA, with the purposes and objectives of the FDCA and FDA's implementing regulations, and with the specific determinations by FDA specifying the language that should be used in the labeling accompanying Bextra®.    Accordingly, Plaintiffs' claims are preempted by the Supremacy Clause of the United States Constitution, Article VI, clause 2, and the laws of the United States.

## Fifty-fifth Defense

55.    Defendants reserve the right to supplement its assertion of defenses as it continues with its factual investigation of Plaintiffs' claims.

## Fifth-sixth Defense

56.    Pfizer asserts all affirmative defenses applicable under the Louisiana Products Liability Act, La. Rev. State. § 9:2800.51, et seq.

## ]V.
## JURY DEMAND

Answering Defendants hereby demand a trial by jury.

## VI.
## PRAYER

WHEREFORE, Defendants Pfizer Inc. and Pharmacia Corporation pray that Plaintiffs take nothing by their suit, that Defendants be discharged with their costs expended in this matter, and for such other and further relief to which Defendants may justly be entitled.

Respectfully submitted,

IRWIN FRITCHIE URQUHART & MORRE, LLC

___/s/__Camala E. Capodice_____ _____

QUENTIN F. URQUHART, JR. (#14475)
JOHN W. SINNOTT (#23943)
CAMALA E. CAPODICE (#29117)
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
Email: ccapodice@irwinllc.com
*Counsel for Defendants Pfizer Inc. and Pharmacia
Corporation*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on May 9, 2007, a true and correct copy of the foregoing document was served by via the Court's electronic notification system and U.S. Mail upon:

Jeffrey J. Lowe
Francis J. ("Casey") Flynn
8235 Forsyth, Ste. 1100
St. Louis, Missouri 63105
(314) 678-3400
FAX: (314) 678-3401

John Carey
Joseph P. Danis
CAREY & DANIS, LLC
8235 Forsyth Blvd., Ste. 1100
St. Louis, Missouri 63105
(314) 725-7700
FAX: (314) 721-0905

T. Evan Schaeffer
Andrea B. Lamere
SCHAEFFER & LAMERE, P.C.
5512 Godfrey Road
Highway 67, Ste. B
Godfrey, Illinois 62035
(618) 467-8200

Evan Buxner
Walther Glenn Law Offices
1034 S. Brentwood Blvd., Ste. 1300
St. Louis, Missouri 63117
(314) 725-9595
FAX: (314) 725-9597

ATTORNEYS FOR PLAINTIFFS

   _/s/_  Camala E. Capodice_____ _____
CAMALA E. CAPODICE (#29117)
IWRIN FRITCHIE URQUHART & MOORE LLC
400 Poydras Street, Suite 2700
New Orleans, LA 70130
Telephone: (504) 310-2100
Facsimile: (504) 310-2101
Email: ccapodice@irwinllc.com